**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRETT GARDNER,<br><br>                            Plaintiff,<br><br>v.<br><br>CARLOS DEL TORO, Secretary, Department of the Navy,<br><br>                            Defendant. | Case No.:  20-cv-2172-MMA (RBB)<br><br>**NOTICE AND ORDER PROVIDING TENTATIVE RULINGS RE: MOTIONS IN LIMINE**<br><br>[Doc. No. 43] |

On September 19, 2022 at 2:30 p.m., Plaintiff Brett Gardner ("Plaintiff") and Defendant Carlos Del Toro ("Defendant") will appear before the Court for a pretrial conference and hearing on Defendant's motions in limine, Plaintiff's brief in opposition thereto, and Defendant's objections to Plaintiff's pretrial disclosures. *See* Doc. Nos. 43, 46, 47.

### Defendant's Motions in Limine

1. The Court tentatively **GRANTS** Defendant's motion to exclude all evidence and argument regarding other Equal Employment Opportunity ("EEO") claims filed against Plaintiff's former supervisor, Claudia Garcia. The Court tentatively finds that evidence and argument regarding other EEO claims may be relevant but that any probative value is substantially outweighed by the risk of unfair prejudice.

2. The Court tentatively **GRANTS IN PART AND DENIES IN PART** Defendant's motion to exclude all evidence and argument relating to Plaintiff's dismissed retaliation claim, as well as all evidence and argument relating to any purported wrongs committed by the Navy after July 24, 2018.

  a. To the extent Defendant seeks to exclude all evidence, argument, or references relating to Plaintiff's dismissed retaliation claim in this case, the Court tentatively **GRANTS** the motion because any such evidence and argument are irrelevant to Plaintiff's surviving race discrimination claim.

  b. To the extent Defendant seeks to exclude all evidence, argument, or references of "purported wrongs" that occurred after Plaintiff's non-selection on July 24, 2018, the Court tentatively **DENIES** the motion. The Court tentatively finds the motion is overbroad as presented.

  c. Based on Plaintiff's pretrial disclosures, he does not intend to call Michelle Gomes as a witness. *See* Doc. No. 41 at 22–23. Accordingly, the Court tentatively **DENIES AS MOOT** Defendant's motion to exclude Gomes as a witness.

  d. Based on the foregoing, Plaintiff may be allowed to present evidence of "purported wrongs" that occurred after Plaintiff's non-selection July 24, 2018. Accordingly, the Court tentatively **DENIES** the motion seeking to prevent Christopher Root from testifying as a witness.

3. The Court tentatively **GRANTS** Defendant's motion for an order prohibiting Plaintiff from: (1) arguing that he was constructively discharged; and (2) attempting to recover wages that he allegedly lost after his voluntary resignation. The Court tentatively finds that because "constructive discharge is treated as a stand-alone claim in the Ninth Circuit, . . . [it] must be specifically alleged and properly exhausted[,]" *Terry v. City of San Diego*, No. 06-cv-1459-MMA (CAB), 2012 U.S. Dist. LEXIS 7661, at *4–5 (S.D. Cal. 2012) and that Plaintiff has not alleged a constructive discharge claim, *see* Doc. No. 1. Accordingly, the Court tentatively finds that Plaintiff cannot seek front pay, and that

he is also not entitled to seek back pay on his Title VII claim after the date of his resignation. *See Terry*, 2012 U.S. Dist. LEXIS 7661, at *4–5.

4. The Court tentatively **GRANTS IN PART AND DENIES IN PART** Defendant's motion for an order excluding all evidence, argument, and references in support of Plaintiff's claim that Defendant destroyed evidence.

    a. To the extent Defendant seeks to exclude evidence, argument, and references relating to the purported destruction of evidence on Plaintiff's Navy laptop, the Court tentatively **GRANTS** the motion.

    b. To the extent Defendant seeks to wholly exclude evidence, argument, and references to the purported destruction of the selection panel's interview notes, the Court tentatively **DENIES** the motion. The Court tentatively finds that Magistrate Judge Brooks' November 2, 2021 ruling did not address any interview notes and therefore does not provide a basis for excluding all evidence, argument, and references to any interview notes.

5. The Court tentatively **DENIES** Defendant's motion for an order excluding the purported statistical evidence compiled by Plaintiff regarding other Navy employees' races. The Court tentatively finds the evidence or argument regarding the purported statistical evidence (1) relevant and (2) more probative than unfairly prejudicial. The Court also tentatively finds that Federal Rule of Evidence 701 and 702 do not, at present, provide a basis for excluding the purported statistical evidence.

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PRETRIAL DISCLOSURES

1. Consistent with the Court's tentative ruling regarding Motion in Limine # 2, the Court tentatively **OVERRULES** Defendant's objections to Plaintiff's intention to call Joseph Becker, Christopher Root, Alcide Richards, Marilyn Leon, and Fernando Loera.

2. The Court tentatively **SUSTAINS** Defendant's objection to Plaintiff's intention to call Capt. Supko. The Court tentatively finds Plaintiff did not identify Capt. Supko as a potential witness in his initial disclosures or during any supplemental discovery disclosures, as required under Federal Rule of Civil Procedure 26(a).

3. The Court tentatively **OVERRULES** Defendant's objections to Plaintiff's use of deposition transcript and/or deposition video at trial.[1]

4. The Court tentatively rules as follows regarding Defendant's objections to sixteen of Plaintiff's exhibits:

a. The Court tentatively **SUSTAINS** Defendant's objections to the Declaration of Brett Gardner – March 4, 2019. The Court tentatively finds the evidence irrelevant and therefore sustains the objection on that basis.

b. The Court tentatively **SUSTAINS** Defendant's objections to the Rebuttal Declaration of Brett Gardner – March 15, 2019.

c. The Court tentatively **SUSTAINS** Defendant's objection to the use of 29 C.F.R. § 1602.14 as an exhibit. The Court tentatively finds that any probative value is substantially outweighed by the risk of confusing and misleading the jury. The Court therefore tentatively sustains the objection on that basis.

d. The Court tentatively **SUSTAINS** Defendant's objections to Plaintiff's Formal Complaint of Discrimination, dated November 13, 2018. The Court tentatively finds the evidence should be excluded because the probative value is substantially outweighed by the risk of confusing and misleading the jury. The Court therefore tentatively sustains the objection on that basis.

e. The Court tentatively **SUSTAINS** Defendant's objections to Plaintiff's Initial Disclosures, dated March 29, 2021, and enclosed document. The Court tentatively finds the evidence irrelevant and therefore tentatively sustains the objection on that basis.

f. The Court tentatively **RESERVES RULING** as to Defendant's objections to Department of the Navy Human Resources Service Center Southwest Standard

---

[1] If Plaintiff intends to introduce a deposition rather than live testimony, he must satisfy Federal Rule of Civil Procedure 32. But at this time, the general objection to the use of all depositions is tentatively overruled.

1 | Operating Procedure 12335.4C and EEOC Management Directive 110 because the
2 | Court has not been provided copies of these documents.
3 |   g. The Court tentatively **OVERRULES** Defendant's objections to the
4 | remaining exhibits.  The Court tentatively finds it lacks sufficient information to
5 | rule on the remaining grounds for objection.  The Court tentatively finds that these
6 | rulings should be without prejudice to Defendant raising these arguments and
7 | objections at trial.
8 |  As these rulings are tentative, the Court looks forward to the oral arguments of
9 | counsel.
10 |   **IT IS SO ORDERED.**
11 | Dated:  September 12, 2022
12 | 
13 |             HON. MICHAEL M. ANELLO
14 |             United States District Judge